Honorable Marc Barreca
Chapter 11
Hearing Date: September 16, 2016
Hearing Time: 9:30 a.m.
Response Date: September 9, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-14407 |
| Gary R. McLean, | ) ) ) | AMENDED UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR ABSTENTION |
| Debtor. | ) ) ) ) | |

The United States Trustee hereby responds and objects to the Motion for Abstention filed by Lasher Hozapfel Sperry & Ebberson (the "Abstention Motion" filed by "Lasher"). In support of her objection, the United States Trustee respectfully states as follows:

**I. Overview**

The Abstention Motion requests that the Court abstain, under both mandatory and discretionary abstention doctrines, from hearing the United States Trustee's Motion for Disgorgement of Attorney's Fees (the "Disgorgement Motion") because of pending litigation in the King County Superior Court between Lasher and Kathleen Mclean (the "State Court Action"). Ms. McLean is the ex-wife of debtor Gary R. McLean (the "Debtor"). The Court has set the Disgorgement Motion for evidentiary hearing starting on February 23, 2017. While many of the same facts are at issue in both the Disgorgement Motion and the State Court Action, the parties are different, the issues are different, and the claims for relief are different. Under these circumstances, the United States Trustee respectfully alleges that abstention is not appropriate and requests that the Abstention Motion be denied.

AMENDED UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR ABSTENTION - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

## II. FACTS

A. The State Court Action.

The State Court Action[1] was filed on behalf of Ms. McLean on August 6, 2015. Lasher filed a motion for summary judgment (the "Lasher SJ Motion"), which was denied on June 27, 2016. Lasher then filed a motion for reconsideration of the denial of the Lasher SJ Motion (the "Lasher Reconsideration Motion"), and subsequently a Reply in Support of Motion for Reconsideration (the "Lasher Reconsideration Reply"). On July 26, 2016, the court entered its order denying the Lasher Reconsideration Motion.[2] The matter is currently set for trial on December 5, 2016.

Regarding the State Court Action:

- **Parties**: Ms. McLean, the Debtor, the Debtor's girlfriend Marie Durflinger, and Lasher.

- **Issues/Claims for Relief:**

1) whether Ms. McLean can avoid and recover the transfers by the Debtor of $220,696 to Lasher and $800,000 to Ms. Durflinger as fraudulent transfers pursuant to RCW 19.40.041(a)(1) because the transfers were made with actual fraud as to present and future creditors, including Ms. McLean;

2) whether Ms. McLean can avoid and recover the transfer by the Debtor of $800,000 to Ms. Durflinger as a fraudulent transfer pursuant to RCW 19.40.041(a)(2) because the transfer was not made for reasonably equivalent value; the Debtor was engaged or about to be engaged in business for which his remaining assets were unreasonably small, and the Debtor intended to incur or believed or reasonably should have believed he would incur debts beyond his ability to pay as they became due;

---

[1] A copy of the Complaint to Avoid and Recover Fraudulent Conveyances, Enter Judgment Against Transferees, and For Money Due, case no. 15-2-18965-4 SEA is attached as **Exhibit 1** to the Declaration of Martin L. Smith (the "Smith Decl.") filed concurrently herewith.

[2] A copy of each of the Lasher SJ Motion, the Lasher Reconsideration Motion, the Lasher Reconsideration Reply, and the Order Denying Motion for Reconsideration, is attached to the Smith Decl. as **Exhibits 2, 3, 4**, and **5**, respectively.

AMENDED UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR ABSTENTION - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-14407-MLB    Doc 469    Filed 09/09/16    Ent. 09/09/16 16:43:26    Pg. 2 of 7

3) whether Ms. McLean can avoid and recover the transfer by the Debtor of $800,000 to Ms. Durflinger as a fraudulent transfer pursuant to RCW 19.40.051 because the Debtor did not receive reasonably equivalent value; and the Debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer; and

4) whether Ms. McLean is entitled to a money judgment in the sum of approximately $12.4 million for monies due and not paid pursuant to certain promissory notes.

B.   <u>The Disgorgement Motion.</u>

The United States Trustee filed the Disgorgement Motion on June 24, 2016. The matter is currently set for a three-day evidentiary hearing beginning on February 23, 2017. The parties have agreed to attempt to mediate the matter, have agreed on a mediator, and are in the process of finalizing the mediation details. The mediation will most likely occur sometime in October.

Regarding the Disgorgement Motion:

- **Parties**: the United States Trustee and Lasher.
- **Issues/Claims for Relief:**

1) whether Lasher perpetrated a fraud on the Court when it knowingly failed to disclose material facts to the Court;

2) whether Lasher failed in its duty of candor to the Court under Rule 3.3 of the Washington Rules of Professional Conduct when it knowingly failed to disclose material facts to the Court;

3) whether Lasher violated fiduciary duties to the bankruptcy estate and creditors in conjunction with improperly obtaining dismissal of the chapter 11 case; and

4) whether the Court should invoke its inherent authority to order disgorgement by Lasher of some or all of the approximately $369,000 in attorney's fees it received from the Debtor prior to closure of the chapter 11 case.

AMENDED UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR ABSTENTION - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-14407-MLB    Doc 469    Filed 09/09/16    Ent. 09/09/16 16:43:26    Pg. 3 of 7

## III. ARGUMENT

A. <u>Lasher Has Previously Stated in the State Court Action that the Issues Raised in the Disgorgement Motion Should be Determined by the Bankruptcy Court.</u>

In the Lasher SJ Motion and subsequent pleadings filed in the State Court Action, Lasher took positions contrary to its current request for abstention and thereby presciently made the United States Trustee's argument in opposition to the Abstention Motion for her. For example:

- In the Lasher SJ Motion:

  The existence or nature of any duties that Lasher may have owed to the bankruptcy court and other creditors of Mr. McLean's is a question for the bankruptcy court. . . . Those proceedings are beyond the purview of this Court, whose inquiry is limited to whether Lasher owed any affirmative duties to disclose information to plaintiff. Lasher SJ Motion, p.16, fn.4.

- In the Lasher Reconsideration Motion:

  Despite Plaintiff's efforts to distract the Court by attempting to raise factual issues about what transpired in the Bankruptcy Court prior to dismissal of Gary McLean's Chapter 11 case, *those alleged issues are not material to the controlling question before this Court –* was Gary McLean entitled to pay his lawyers on October 6, 2011, in an amount Plaintiff admits was reasonable for the legal services performed? Lasher Reconsideration Motion, p. 2, ll. 3-8 (emphasis added).

- In the Lasher Reconsideration Reply:

  Washington's fraudulent transfer statute itself provides several factors to consider when evaluating actual intent. Rather than basing her claim on these statutory factors, plaintiff repeatedly returns to events that took place outside the scope of Mr. McLean's transfer to Lasher, alleging that Lasher had had actual knowledge of the Graphic Sciences sale, make inaccurate representations to the Bankruptcy Court and to plaintiff's counsel, continued to hold Mr. McLean's money after the sale, and misrepresented Mr. McLean's financial situation thereafter. While *these allegations are not relevant to the question before this Court*, Lasher nevertheless denies them. Lasher Reconsideration Reply, p. 3, ll.1-9 (emphasis added).

AMENDED UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR ABSTENTION - 4

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-14407-MLB    Doc 469    Filed 09/09/16    Ent. 09/09/16 16:43:26    Pg. 4 of 7

B. <u>Mandatory Abstention is Not Appropriate.</u>

Lasher asks the Court to invoke mandatory abstention, which is set forth in 28 U.S.C. § 1334(c)(2). Mandatory abstention requires:

> (1) A timely motion; (2) a purely state law question; (3) **a non-core proceeding** § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists.

*Krasnoff v. Marshack (In re General Carriers Corp.)*, 258 B.R. 181, 189 (B.A.P. 9th Cir. 2001) (emphasis in original) (quoting *In re World Solar Corp.*, 81 B.R. 603, 606 (Bankr. S.D. Cal. 1988).

Other than a timely motion having been filed, none of the required elements are satisfied. Lasher attempts to sweep that determinative fact under the rug by saying that the Disgorgement Motion is essentially the same as the State Court Action. It is not. While many of the underlying alleged facts are the same or similar, the two actions involve different parties, different issues, different legal basis and different standards of proof. Additionally, the Disgorgement Motion is a core proceeding[3] that requests invocation of the Court's inherent powers to remedy Lasher's alleged fraud on the Court and abuse of fiduciary obligations. Certainly, the Disgorgement Motion does not raise purely state law questions. Also, there is no state court action pending, in front of a state forum of appropriate jurisdiction, that will timely adjudicate the issues raised in the Disgorgement Motion. Finally, the United States Trustee has no standing to be heard with respect to the State Court Action. However, it does have standing to bring the Disgorgement Motion pursuant to its right to raise and be heard on any issue in any case or proceeding under title 11 (other than filing a plan of reorganization) under 11 U.S.C. § 307, and its authority to supervise the administration of bankruptcy cases under 28 U.S.C. §

---

[3] Postpetition claims brought against a court-appointed professional are a core proceeding for purposes of 28 U.S.C. § 157(b)(1). *Schultze v. Chandler*, 765 F.3d 945, 948-49 (9th Cir. 2014).

AMENDED UNITED STATES TRUSTEE'S OBJECTION TO
MOTION FOR ABSTENTION - 5

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-14407-MLB    Doc 469    Filed 09/09/16    Ent. 09/09/16 16:43:26    Pg. 5 of 7

586(a)(3). Mandatory abstention is simply inapplicable under the facts and circumstances of this case, and Lasher's request for relief should be denied.

C. <u>The Court Should Not Exercise Its Discretion and Grant Discretionary Abstention.</u>

Lasher also requests relief under section 1334(c)(1) on the basis of discretionary abstention. The twelve factors for a court to consider when determining whether to exercise its discretion to abstain on a particular matter are accurately set forth on page 7 of the Abstention Motion, quoting *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1169 (9th Cir. 1990). A couple of the *Tucson Estates'* factors may support or be neutral on the appropriateness of discretionary abstention, but most of those factors support denying the relief requested. One of the factors, in particular, is determinative: there is no related proceeding commenced in state court or other nonbankruptcy court. As to that factor, Lasher states: "The state court case, based upon the same facts and involving the same parties in interest, commenced in King County on August 8, 2015 and is scheduled for trial on December 5, 2016." Abstention Motion, p. 8, ll. 12-14.

It is impossible to understand how Lasher can take the position that the same parties in interest are involved in both the State Court Action and the Disgorgement Action. The United States Trustee is not, and has never been, a party or otherwise involved in any way with the State Court Action. The Disgorgement Motion and the State Court Action are based on completely different legal theories and seek different remedies. Specifically, the Disgorgement Motion seeks to hold Lasher accountable for its actions (and inactions) during the Debtor's chapter 11 case which the United States Trustee asserts were a fraud on this Court, and that breached fiduciary duties owed to the Court and creditors. The very integrity of the Court, and Lasher's duties to the Court and creditors as counsel for the Debtor, is at issue in the Disgorgement Motion and the United States Trustee requests disgorgement of Lasher fees of up to $369,000. In contrast, with respect to Lasher, the State Court Action focuses on whether one of the Debtor's payments to Lasher for attorneys' fees in the amount of approximately $221,000 was an avoidable transfer under state law.

AMENDED UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR ABSTENTION - 6

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-14407-MLB   Doc 469   Filed 09/09/16   Ent. 09/09/16 16:43:26   Pg. 6 of 7

It is true, as Lasher states, that at this point the chapter 11 case has only been reopened for a limited purpose. The case remains dismissed, since the order dismissing the case has not been vacated. The United States Trustee is still weighing whether to seek that and/or other relief. One of the factors considered in that analysis will be whether Lasher is ordered to disgorge a material sum that could be administered by a chapter 11 or a chapter 7 trustee.

Lasher accuses the United States Trustee of forum shopping. Abstention Motion, p. 9, ll.8-14. That assertion makes no sense, and is baseless. The United States Trustee does not, in any way, represent State Court Action plaintiff Ms. McLean, or her interests. The only connection is that it was the allegations in the complaint that initiated the State Court Action that caused the United States Trustee to seek to reopen the Debtor's chapter 11 case for the purpose of investigating the matter. It was after that independent investigation that the United States Trustee determined that it was appropriate to bring the Disgorgement Motion to protect the bankruptcy system against what it believes is an egregious breach of duties by Lasher that undermines the very principles on which the system is based. That was the United States Trustee's motivation for the Disgorgement Motion, not the alleged forum shopping.

## IV. CONCLUSION

For the reasons set forth above, and as recognized by Lasher's own pleadings in the State Court Action, the facts and issues raised in the Disgorgement Motion should be considered and determined by this Court. Accordingly, the United States Trustee respectfully requests that the Abstention Motion be denied.

Dated: September 9, 2016.

Respectfully submitted,

Gail Brehm Geiger
Acting U.S. Trustee for Region 18

/s/ Martin L. Smith
Martin L. Smith, WSBA #24861
Attorney for United States Trustee

AMENDED UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR ABSTENTION - 7

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-14407-MLB    Doc 469    Filed 09/09/16    Ent. 09/09/16 16:43:26    Pg. 7 of 7